UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| P.J. CURTIS<br><br>　　　　　　Plaintiff,<br>-vs-<br>CITY OF GOODING; JEFF PERRY; ANDREW LOVELL; AND JOHN DOES I-X<br><br>　　　　　　Defendants. | NO.　　1:10-CV-00097-REB<br><br>ORDER GRANTING MOTION TO DISMISS |

Before the Court is Defendants City of Gooding, Jeff Perry, and Andrew Lovell (collectively "Defendants")' Motion to Dismiss (the "Motion"). After considering the moving, opposing, and replying papers, as well as the parties' oral argument, the Court GRANTS the Motion and DISMISSES with PREJUDICE the Complaint's third claim for extortion.

**I.　Background**

Plainitff P.J. Curtis ("Curtis") was a Gooding County Emergency Medical Services (EMS) provider on all dates relevant to this dispute. Compl. ¶ 7. On February 27, 2008, Curtis was attending to a patient who had been recently loaded into the rear compartment of an ambulance. Id. ¶ 8. Before the ambulance could depart for the hospital, City of Gooding Police Officer Andrew Lovell ("Lovell") approached the ambulance, opened the door to the rear compartment, ordered Curtis to exit the vehicle, and told Curtis they "needed to talk." Id. ¶¶ 8-9. Lovell then berated Curtis for a complaint about Lovell that Curtis had lodged with Lovell's supervisor, the Chief of Police for the City of Gooding Jeff Perry ("Perry"). Id. ¶ 12. Lovell then

ORDER - 1

shoved Curtis into the back of the ambulance. *Id.* ¶¶ 13-14. Curtis climbed back into the ambulance and returned to the hospital with his patient. *Id.* ¶ 16.

Later that day, Curtis reported the incident to his immediate supervisor, Denise Gill, the director of Gooding County EMS. *Id.* ¶ 17. Gill discussed Curtis' complaint with Perry, who is Lovell's supervisor, and Gooding County Sheriff Shaun Gough ("Gough") a few hours afterwards. *Id.* ¶ 18. Perry didn't respond favorably. *See id.* ¶ 19. Instead, Perry threatened to challenge Curtis' EMS certification if Curtis further pursued his complaint against Lovell. *Id.*

Curtis filed the instant lawsuit against the City of Gooding, Lovell, and Lovell's supervisor Perry on February 9, 2010. He brings claims for assault, battery, and extortion under Idaho law, and a claim for Fourth and Fourteenth Amendment constitutional deprivations pursuant to 42 U.S.C. § 1983. Defendants move to dismiss only the claim for extortion.

## II. Legal Standard

Fed. R. Civ. P. 12(b)(6) provides that a party may move to dismiss a complaint on the grounds that it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), "[a]ll allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citing *Sprewell v. Golden State Warriors*, 265 F.3d 979, 988 (9th Cir. 2001)). To survive a motion to dismiss, a complaint must do more than put forth "unadorned" and conclusory allegations, but must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S.Ct. 1955 (2007)).

## III. Discussion

Defendants argue that Idaho does not recognize a civil cause of action for extortion. Curtis' claim for extortion is brought against the City of Gooding and Perry. *See* Compl. ¶ 32. The claim alleges that Gill and Gough relayed to Curtis the threat issued by Perry – to seek the

ORDER - 2

invalidation of Curtis' EMS license if Curtis pursued his complaint against Lovell. *Id.* ¶ 36. Curtis alleges that Perry's threat chilled him from pursuing his claim against Lovell. *Id.* ¶ 37.

Even assuming Idaho recognizes a claim for civil extortion, these facts do not state a claim for extortion. States that expressly recognize a claim for civil extortion look to the criminal code to determine the elements of that offense. *See, e.g., Taylor v. Walmart, Inc.*, No. 1:10-cv-01138 OWW DLB, 2010 WL 3069337, at *4 (E.D. Cal. Aug. 3, 2010) (relying upon Cal. Penal Code § 518 to determine elements of claim for civil extortion in California); *Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 135, 1136 (C.D. Cal. 2009) (same). Idaho does not have a stand alone extortion statute, but recognizes that two sorts of crimes may occur "by extortion."

The first such crime is theft. Idaho Code Section § 18-2403 provides that "[a] person steals property and commits theft when . . . he wrongfully takes, obtains, or withholds such property from an owner thereof." I.C. § 2403(1). Theft can be effectuated through extortion when the wrongdoer "compels or induces another person to deliver such property to himself or to a third person" through an express or implied threat that he will perform an act harmful to the person being extorted. I.C. § 2403(2)(e). Plaintiff argues that he may bring a civil cause of action predicated upon a violation of this criminal provision.

However, Plaintiff fails to plead a violation of I.C. § 18-2403 for two reasons. First, there is no known authority for the proposition that a claim against another individual constitutes "property" under Idaho law. Second, *even if* Curtis' non-legal claim against Lovell can be considered "property" under Idaho law, he was not deprived of his legal claim by Perry's threat. To the contrary, Curtis went ahead and filed the instant lawsuit against Lovell even after receiving second-hand word of Perry's alleged threat. Thus, Perry failed to "take[], obtain[], or withhold[]" Curtis' right to pursue his claim against Lovell.

The second such crime is extortion by libel. Idaho Code Section 18-4809 makes it a misdemeanor to "threaten[] another to publish a libel concerning him . . . [or] offer[] to prevent the publication of any libel upon another person, with intent to extort any money or valuable

ORDER - 3

consideration from such person." I.C. § 18-4809. Plaintiff again argues that he may bring a cause of action against Perry for the violation of section 18-4809.

At the outset, the need for a private right of action under section 18-4809 is undermined by the fact that Idaho *already* recognizes a common law civil claim for extortion. *See Hoglan v. First Sec. Bank of Idaho, N.A.*, 120 Idaho 682, 685 (1991). Section 874A of the Restatement (Second) of Torts provides:

> When a legislative provision protects a class of persons by proscribing . . . certain conduct but does not provide a civil remedy for the violation, the court may, if it determined that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a . . . new cause of action analogous to an existing tort action.

Restatement (Second) of Torts § 874.

The Idaho Supreme Court has recognized that this provision can sometimes create private causes of action arising out of the violation of Idaho criminal statutes. *See White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 101 (1986). Here, there is no need to create a civil cause of action arising under the criminal provision that applies to libel by extortion, since the existing common law civil claim for libel is more than sufficient to "further[] the purpose" of the criminal statute. Any additional cause of action would be largely duplicative of the existing civil cause of action.

Even if there were a private cause of action for a violation of section 18-4089, Plaintiff fails to plead a violation of that statute. First, Plaintiff doesn't allege that Perry threatened to "publish" a libel concerning him, as required by the statute. Second, Plaintiff doesn't allege that Perry acted with intent to extort "money" or "valuable consideration" since Perry only sought to deter Curtis from pursuing his claim against Lovell. Finally, Plaintiff fails to allege that any

ORDER - 4

representation by Perry about Curtis' qualifications for an EMS license would have been libelous even if they were published. All of these facts are critical to a claim for libel by extortion and Plaintiff fails to plead them.

      Plaintiff also argues that Idaho recognizes a common law claim for extortion. He cites two cases in support of that claim. The first, *Wilbur v. Blanchard*, 22 Idaho 517 (1912), involved a claim that certain "sums were extorted from the respondent by threatening to prosecute him for the commission of the crime of larceny." *Id.* at 1070. To the extent that case defined a civil claim for extortion, however, it simply applied the elements found in then operative Idaho Penal Code Section 7080, which defined "extortion" as "the obtaining of property from another, with his consent, induced by a wrongful force or fear or under color of official right." Idaho Penal Code § 7080. However, Plaintiff here does not allege the obtaining of any property by Perry for the reasons discussed above. Specifically, Perry unsuccessfully sought to deter Plaintiff from pursuing a claim, which satisfies neither the "obtaining" requirement nor the "property" requirement under Penal Code § 7080. The second case cited by Plaintiff is likewise inapposite. In *Quring v. Quiring*, 130 Idaho 560 (1997), the Court never addressed the availability of a cause of action for extortion, but instead recognized that a contract through extortion, and in a manner that violated Penal Code § 18-2043, was unenforceable because it "offend[ed] public policy and [was] antagonistic to the public interest." *See id.* at 568 (quoting *Stearns v. Williams*, 72 Idaho 276 (1952)). But while it may be fairly obvious that a contract is unenforceable when formed in violation of a criminal statute, that does not mean that the criminal statute automatically provides a civil cause of action. And in any event, in *Quiring*, unlike here, the alleged "extortion" succeeded since the defendant succeeded in extorting the target property. *See id.*

      In sum, even if Idaho recognizes a civil cause of action for extortion, Plaintiff has failed to plead a claim under Idaho's Penal Code or any common law civil cause of action for extortion. First, Plaintiff has failed to allege that Perry's remarks resulted in the deprivation of any property. Indeed, Plaintiff pursued his claim against Lovell notwithstanding Perry's alleged

ORDER - 5

threat. Second, even if Plaintiff had been deprived of his ability to pursue a claim against Lovell, Plaintiff does not argue – nor is the Court aware of any authority – that the ability to pursue a claim through litigation or otherwise is a form of property under Idaho law.

**IV.   Disposition**

For the foregoing reasons, the Motion is GRANTED.

*David O. Carter*

DAVID O. CARTER

UNITED STATES DISTRICT JUDGE

09-14b

ORDER - 6