David Heida
CAPITOL LAW GROUP, PLLC.
301 Main Street
Post Office Box 32
Gooding, Idaho 83330
Telephone: (208) 934-8872
Facsimile:   (208) 934-8873
Email: dheida@capitollawgroup.net
Idaho State Bar No. 6980

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| P.J. CURTIS,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF GOODING, an Idaho Municipality and Idaho Corp.; Jeff Perry, as an individual and in his capacity as an employee of the City of Gooding; Andrew Lovell, an individual and in his capacity as an employee of the City of Gooding, and JOHN DOES I-X.<br><br>       Defendants. | Case No. CV 10-00097-BLW<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

  COMES NOW, Plaintiff, P.J. Curtis by and through his counsel of record, David Heida of the firm of Capitol Law Group, PLLC, and hereby lodges its response to the Defendant's Motion For Summary Judgment filed on May 24, 2011.

**I.**

**DISPUTED MATERIAL FACTS**

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

Plaintiff incorporates the Response to Plaintiff's Statement of Undisputed Facts filed concurrently herewith.

## II.

## SUMMARY JUDGMENT STANDARD

When considering a motion for summary judgment, the district court's role is not to weigh the evidence, but merely to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *May v. Baldwin*, 109 F.3d 557, 560 (9th Cir. 1997). Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the party opposing the motion, the court determines that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001); *Morrison v. 89 Hall*, 261 F.3d 896, 900 (9th Cir. 2001); *May*, 109 F.3d at 560; *Tellis v. Godinez*, 5F.3d 1314, 1316 (9th Cir. 1993). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Anderson*, 477 U.S. at 256; *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). "A party opposing a properly supported motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial." *Harper*, 877 F.2d at 731.

To establish the existence of a genuine issue of material fact, the nonmoving party must make an adequate showing as to each element of the claim on which the non-moving party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 322-23; *see also Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

Cir. 1989); *Harper*, 877 F.2d at 731. The opposing party may not rest on conclusory allegations or mere assertions, *see Taylor*, 880 F.2d at 1045; *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986), but must come forward with significant probative evidence, *see Anderson*, 477 U.S. at 249-50; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984). The evidence set forth by the non-moving party must be sufficient, taking the record as a whole, to allow a rational jury to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Taylor*, 880 F.2d at 1045. Where "the factual context renders [the nonmoving party's] claim implausible . . . , [that party] must come forward with more persuasive evidence to support [its] claim than would otherwise be necessary" to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## III.

## ARGUMENT

### A. The City of Gooding Is Liable for Its Employees' Actions Under §1983.

The City fails to meet its burden for summary judgment on Curtis' §1983 claims when it in fact ratified the conduct underpinning the claims. Seventh Circuit Judge Richard Posner, in his characteristically plain prose, has summarized "that by adopting an employee's action as its own (what is called 'ratification'), a public employer becomes the author of the action for purposes of liability under section 1983." *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 469 (7th Cir. 2001).

In *Monell v. Department of Social Serv.*, 436 U.S. 658, 690-95 (1978), the Supreme Court made clear that a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*. *See* 436 U.S. at 691. Rather, the

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

municipality may be held liable only when the employee's unconstitutional conduct either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or follows a custom so well-settled that it represents official policy. *Id. at 690-91.* Similarly, a single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom. *See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)* ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events [is] insufficient to establish custom.").

There are, however, three situations in which isolated constitutional violations are sufficient to establish a municipal "policy." First, a municipality can be liable for an isolated constitutional violation when the person causing the violation has "final policymaking authority." *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 123, 99 L. Ed. 2d 107, 108 S. Ct. 915 (1988) (plurality) ("Only those municipal officials who have 'final policymaking authority' may by their actions subject the government to *§ 1983* liability."); *Gillette, 979 F.2d at 1347* ("The Supreme Court held that a single decision by a municipal policymaker may be sufficient to trigger *section 1983* liability under *Monell*, even though the decision is not intended to govern future situations.").

Second, a municipality also can be liable for an isolated constitutional violation if the final policymaker "ratified" a subordinate's actions. *See Praprotnik,* 485 U.S. at 127. Ordinarily, ratification is a question for the jury. *See Fuller v. City of Oakland,* 47 F.3d 1522, 1534 (9th Cir.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

1995). However, as with any jury question, a plaintiff must establish that there is a genuine issue of material fact regarding whether a ratification occurred. *See, e.g., Covey v. Hollydale Mobilehome Estates,* 116 F.3d 830, 834 (9th Cir.), as amended, 125 F.3d 1281 (9th Cir. 1997).

Third, a municipality may be held liable for its "deliberate indifference." After the Supreme Court decided *Praprotnik*, the Court adopted "deliberate indifference" liability and suggested that it can apply to single-incident cases. *See City of Canton v. Harris,* 489 U.S. 378, 390, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989) ("But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."). The court has applied this form of liability to single-incident cases. *See Fuller,* 47 F.3d at 1535; *Hammond v. County of Madera,* 859 F.2d 797, 803 (9th Cir. 1988).

**1. The City Ratified the Conduct of Lovell.**

In this matter, the City of Gooding, acting through its City Police Chief, Jeff Perry ratified the tortuous conduct of Officer Lovell. Chief Perry had the unlimited authority to hire, fire, and create the policies and procedures of the Gooding City Police Department. As clearly reflected in the Department's own Police Manual, which is separate and distinct from the City's personal employment manual, the police chief is a final policy maker on behalf of the City:

> 3.2 CHIEF OF POLICE
>
> The chief of Police is responsible for the day to day operations of the police department. This is to include but not limited to billings, personnel, time sheets, policies, procedures, inventory, chief of investigations, internal interviews, reporting to the May and Council.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

Although Perry disputes the Mayor and City Counsel have final policy making authority on behalf of the City, Perry created the final policies and procedures that ultimately hold the City responsible under §1983. In addition to the chief having unlimited ability to hire and fire the individuals working for the police department, Perry was given unfettered ability to process complaints. Kane Affidavit, Exhibit 2, pp. 24-25. Thus, Perry had the ultimately authority to determine whether the complaint would be left at the administrative level or forwarded to the review board. *Id.*, at 24. Instead of turning the complaint over to the review board or performing an investigation consistent with the City's manual, Perry simply blamed Curtis for the assault and battery and adopted the Officer's actions in whole. Kane Affidavit, Exhibit 15, Exhibit 2 (pp. 24-25); Perry Deposition, p. 49. Moreover, Perry threatened to file a patient abandonment claim against Curtis because he complained about the assault and battery by Lovell. Perry Deposition, pp. 38-39. Thus, Perry attempted the sweep the matter under the rug and only after a month had passed from the time that Curtis was assaulted and battered, did Perry turn the matter over to a third party agency to investigate the matter. Kane Affidavit, Exhibit 16; Perry Deposition, p. 49. Exhibit 16; Curtis Deposition, p. 49.

> Ninth Circuit Model Jury Instruction 9.6 provides that:
>
> In order to prevail on [his] [her] § 1983 claim against defendant [*name of local governing body*] alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:
>
> 1. [*Name of defendant's employee*] acted under color of law;
>
> 2. the act[s] of [*name of defendant's employee*] deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions;
>
> 3. [*Name of person the plaintiff alleges was a final policymaker of the defendant*]

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

acted under color of law;

4. [*Name of final policymaker*] had final policymaking authority from defendant [*name of local governing body*] concerning the act[s] of [*name of defendant's employee*]; and

5. [*Name of final policymaker*] ratified [*name of defendant's employee*]'s act and the basis for it, that is, [*name of alleged final policymaker*] knew of and specifically approved of the employee's act[s].

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. [[The parties have stipulated that] [I instruct you that] the defendant's [official] [employee] acted under color of law.]

I instruct you that [*name of final policymaker*] had final policymaking authority from defendant [*name of local governing body*] concerning the act[s] at issue and, therefore, the fourth element requires no proof.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Likewise, in *Shaw v. California Dep't of Alchoholic Beverage Control*, 788 F.2d 600, 611 (9th Cir. 1986), the Ninth Circuit held "As to the City, the policies of the Police Department became its policies because the policies set by the Department and its Chief "may be fairly said to represent official [City] policy" on police matters, *Monell*, 436 U.S. at 694, and the City is liable for any deprivation of constitutional rights caused by the execution of official City policies. *Id*.; *McKinley v. City of Eloy*, 705 F.2d 1110, 1116 (9th Cir. 1983); *Black v. Stephens*, 662 F.2d 181, 191 (3d Cir. 1981), cert. denied, 455 U.S. 1008, 71 L. Ed. 2d 876, 102 S. Ct. 1646 (1982).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

The Ninth Circuit reaffirmed this principle in *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), where it held the City of Los Angeles liable for the action and inaction of Los Angeles Police Chief Daryl Gates since, "Gates is an official policymaker for the City on Police matters." The current situation before the court is no different. The policies of the Gooding Police Department became the policies set by Perry because its chief "may be fairly said to represent official [City] policy" on police matters. More than that, the Policy manual specifically confers that authority upon the chief of police. In his role as final policymaker, Perry simply ratified the conduct of Officer Lovell on behalf of himself, the police department and the City of Gooding while threatening Curtis with a patient abandonment claim. Perry simply jumped to a conclusion, made a threat against Curtis and adopted the officer's actions. These disputed facts create a triable issue for the jury to determine; therefore, this court must deny the City's motion.

### 2. The City Negligently Hired and Retained Lovell.

As the United States District Court for the Southern District of West Virginia held in denying a municipality's motion for summary judgment, "a reasonable jury could find that [the town] did not adequately investigate [the officer's] military service, conduct a psychological fitness for duty evaluation, or adequately follow up on [his] references. Given the information about [his] propensity toward anger, his spotty employment history, and the facts surrounding his other-than-honorable discharge from the Navy, the plaintiffs have sufficiently alleged genuine issues of material fact on their claims of negligent hiring and retention." *Woods v. Town of Danville*, WV, #2:09-cv-0036, 2010 U.S. Dist. Lexis 47666 (S.D. W. Va.).

Here, prior to hiring Officer Lovell, the City of Gooding, had in is possession the results of Lovell's failed polygraph examination at another law enforcement agency in the Magic

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

Valley. The failed polygraph examination referenced Lovell lying about prior drug use and being deceptive about stealing. Quite, ironic is the fact that the City had in its possession this information about Lovell lying; however, as Chief Perry puts it, "it wasn't, I guess at that time, that big of a deal." Perry Deposition, p. 23, ln. 1-2. When posed with a similar question as to whether such lying concerned him, Perry responded, "Honestly, no." *Id.*, at p. 25, ln. 2. Even though the City had this information in its possession and its own policy manual required a polygraph, Perry, did not require one of Lovell because of financial constraints. Perry Affidavit, ¶ 11, Kane Affidavit, Exhibit 2, p. 49. Putting financial constraints ahead of the safety of the citizens of Gooding; Perry, once again establishing the City's own policy, hired Lovell without the City Council's final approval. Perry Deposition, p. 27, ln. 23; Kane Affidavit, Exhibit 2, p. 49. Thus, Perry, acting on behalf of the City violated two of the most basic requirements in hiring a new applicant: (1) seek a polygraph and (2) get final council approval for the hire.

As if the aforementioned was not enough to put the City on notice that Lovell was not what he appeared to be, during Lovell's suspension in July 2008, the City finally took a comprehensive look into his background that revealed his life was plagued with the same issues that are currently before the court. Perry Deposition, pp. 70-73. This information should have been obtained prior to Lovell's hire and prior to Lovell committing assault and battery under the color of law. But, pursuant to the policy established by Perry, "it wasn't a big deal at the time." Defendant's motion for summary judgment should be denied as the aforementioned indicates genuine issues of material fact for a jury to decide.

### B. Perry's Ratification of Lovell's Conduct Render's Individual Liability.

Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates,

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal punctuation, quotation marks, and citations omitted).

In *Larez v. City of Los Angeles*, the plaintiffs alleged that Los Angeles Police Chief Daryl Gates, in his individual capacity, was responsible for their constitutional deprivations because he condoned, ratified, and encouraged the excessive use of force. *Id*. Moreover, when Jessie Larez complained, instead of investigating the complaint, Gates signed a letter informing Jessie Larez that none of his many complaints would be sustained, thereby ratifying the investigation into the Larezes' complaint. *Id*.

In this matter, Curtis' situation is no different. Perry instead of turning the complaint over to the review board or performing an investigation consistent with the City's manual, simply blamed Curtis for the assault and battery and adopted the Officer's actions in whole. Kane Affidavit, Exhibit 15, Exhibit 2 (pp. 24-25); Perry Deposition, p. 49. Moreover, Perry threatened to file a patient abandonment claim against Curtis because he complained about the assault and battery by Lovell. Perry Deposition, pp. 38-39. The City attempts to absolve itself of liability by claiming that since Perry was not present, Perry cannot be held individually liable. Such argument ignores Perry's response to the assault and battery. Perry, like Gates, wrote a scathing letter about Curtis and that Lovell did nothing wrong. Only a month after ratifying Lovell's conduct and threatening Curtis with a patient abandonment claim does Perry turn the investigation over to a third party and at that point, Perry and the City had already made the determination that Lovell did nothing wrong. The situation before the court is no different than that of *Larez* and the court should deny Perry's claim that he is not individually liable. Perry

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

made abundantly clear that in his actions, Lovell represented himself, Perry, the police department and the City of Gooding. Thus, the City's motion with regards to Perry's individual liability must be denied.

### C. Perry is not entitled to Qualified Immunity.

A municipality (and its employees sued in their official capacities) may not assert a qualified immunity defense to liability under Section 1983. *Owen v. City of Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 1408, 63 L.Ed.2d 673 (1980); *Kentucky v. Graham,* 473 U.S. 159, 165-68, 105 S.Ct. 3099, 3104-06, 87 L.Ed.2d 114 (1985). Whether the qualified immunity defense applies to individual capacity turns on "the 'objective legal reasonableness' of the action assessed in light of legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton,* 483 U.S. at 639, 107 S.Ct. at 3038 (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 & 819, 102 S.Ct. 2727, 2738 & 2739, 73 L.Ed.2d 396 (1982)); *see also Davis v. Scherer,* 468 U.S. 183, 191, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984) ("[w]hether an official may prevail in his qualified immunity defense depends upon the 'objective reasonableness of [his] conduct as measured by reference to clearly established law' ") (quoting *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738). A two-part analysis is required: "(1) Was the law governing the official's conduct clearly established? (2) Under that law, could a reasonable officer have believed the conduct was lawful?" *Act Up!/Portland v. Bagley,* 988 F.2d 868, 871-72 (9th Cir.1993).

Perry seeks qualified immunity by alleging he first attempted the resolve the assault and battery administratively and when that did not work, requested the matter be investigated by a third party; however, Perry misconstrues the nature of the §1983 claim, that being he ratified the conduct of Lovell. Perry argues that he "fulfilled his responsibilities in handling the complaint" and as such he is entitled to qualified immunity. Such an argument ignores the ratification of the

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

underlying conduct and the threat he made. Perry simply placed blame on Mr. Curtis for the actions of Lovell. Had Perry simply referred the matter to a third party to investigate and not threatened a patient abandonment claim or dismissed the complaint outright, he arguably would be entitled to qualified immunity. However, Perry ratified the conduct of Lovell and threatened Curtis with a patient abandonment claim. Thus, the analysis Perry wants this court to entertain regarding qualified immunity in inappropriate in light of the undisputed actions Perry took at the time of the complaint. Therefore, the motion must be denied given Perry condoned the underlying action which forms the basis of the §1983 claim.

### D. Lovell is Liable in His Official Capacity.

A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself. *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. Haw. 1986). Without belaboring the court, Curtis adopts the arguments contained the previous sections regarding the ratification of Officer Lovell's actions by the City in forming the liability under § 1983. It is undisputed that Lovell was employed with the City during his assault and battery of Curtis and the City ratified his tortuous actions against Curtis.

### E. The City Of Gooding Ratified the Tortuous Actions of Officer Lovell and in Ratifying Such Conduct Waived Any Immunity Under the Idaho Tort Claims Act.

The Defendants seek to dismiss the assault and battery claims under the auspices of either Idaho Code Sections 6-904(3) or 6-903(c). Thus, the City posits that any assault and/or battery by Officer Lovell whether performed during the course and scope of his employment and regardless of whether it was with or without criminal intent and/or malice provides the City with absolute immunity.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

The Idaho Tort Claims Act (ITCA), Idaho Code §6-901, et. al., was designed to alleviate the harshness of previously existing law, which afforded governments and their employees absolute immunity from liability for wrongful acts. The Idaho Supreme Court in *Grant v. City of Twin Falls*, 120 Idaho 69, 76-77 (Idaho 1991) interpreted the ITCA's immunity structure as one comprised of three tiers. The general rule is that governmental entities are liable for damages arising out of their own negligent or otherwise wrongful acts and for those of their employees who were acting within the course and scope of their employment. I.C. § 6-903. Section 6-904 then sets out certain exceptions to liability, including, relevant to the present discussion, an exception for acts such as assault and battery commonly known as intentional torts. The third tier is also established by I.C. § 6-904. It states that the exceptions to liability do not apply if the acts were committed with malice or criminal intent. Thus, in event an employee an employee commits an assault or battery during the course and scope of their employment and such assault and battery was committed with malice or criminal intent, the governmental entity is liable under I.C.§ 6-903 and the exceptions of I.C.§ 6-904 do not apply.

The municipal entity, only after an unfavorable judgment against it, "may refuse a defense or disavow and refuse to pay any judgment for its employee if it is determined that the act or omission of the employee was not within the course and scope of his employment or included malice or criminal intent." I.C.§ 6-903(c). Thus, the city attempts to put the cart before the horse in this matter and seeks to absolve itself of any liability under the ITCA when in fact the statute clearly holds a state actor liable when the acts were committed with malice and/or criminal intent during the course and scope of the tortfeasor's employment.

Defendant points to *Limbert v. Twin Falls County*, 131 Idaho 344, 346, 955 P.2d 1123, 1125 (Id. App. 1998) in support of its absolute immunity defense; however, the City by ratifying

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

the actions of Officer Lovell, has waived its defense. In response to Mr. Curtis' complaints, Chief Perry, who is not only the City's agent, but also is policy maker on behalf of the City and its associated police department ratified the conduct of Officer Lovell. As outlined above, with regards to Mr. Curtis' claims under § 1983, ratification of any officer's actions precludes the necessity of the tier of fact finding a formal policy, custom or otherwise. Similarly, when Chief Perry adopted and condoned Officer's Lovell's actions, he precluded the City from disavowing the judgment under I.C. §6-903(c) and the doctrine of quasi-estoppel precludes the City from taking a contrary position.

The doctrine of quasi-estoppel "prevents a party from asserting a right, to the detriment of another party, which is inconsistent with a position previously taken." *Atwood v. Smith*, 143 Idaho 110, 114, 138 P.3d 310, 314 (2006) (quoting *C&G, Inc. v. Canyon Highway Dist. No. 4*, 139 Idaho 140, 144, 75 P.3d 194, 198 (2003)). This doctrine applies when: (1) the offending party took a different position than his or her original position, and (2) either (a) the offending party gained an advantage or caused a disadvantage to the other party; (b) the other party was induced to change positions; or (c) it would be unconscionable to permit the offending party to maintain an inconsistent position from one he or she has already derived a benefit or acquiesced in. *C&G, Inc.*, 139 Idaho at 145, 75 P.3d at 199. Estoppel theories generally present mixed questions of law and fact. *The Highlands, Inc. v. Hosac*, 130 Idaho 67, 69, 936 P.2d 1309, 1311 (1997) (citations omitted). *Allen v. Reynolds*, 145 Idaho 807, 812, 186 P.3d 663, 668 (2008) (citations omitted). Although the Idaho Supreme Court has generally rejected the quasi-estoppel theories put forth to it in the context of municipal liability on zoning and building disputes, the Court has not gone "so far as to entirely reject the potential application of estoppel" against municipalities. *Terrazas v. Blaine County*, 147 Idaho 193, 200 (Idaho 2009).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14

In this matter, the City now attempts to absolve itself of liability under the ITCA by distancing itself from Lovell's actions yet, through Perry, it earlier ratified the actions of Officer Lovell. Clearly the facts preclude the court from granting the City summary judgment under the ITCA when: (1) the City is taking a different position than what it did immediately preceding the assault and battery of P.J. by the City's officer; (2) the City gains an advantage by speaking out of both sides of its mouth; and (3) it would be clearly unconscionable for the City to maintain such inconsistent positions with regards to its liability. Essentially the City seeks the court's blessing for ratifying the Officer's assault and battery on one occasion and then when it is sued on another, suddenly disclaiming any type of responsibility under the ITCA. Such inconsistent positions are exactly what the doctrine of quasi-estoppel are designed to prevent. By allowing a party, especially municipalities, to take a position in litigation that is entirely contrary to the position they took at the time of the events giving rise to liability is inherently within the scope of the doctrine of quasi-estoppel. The City of Gooding, after having ratified the tortuous actions of Officer Lovell should be estopped from taking an inconsistent position with regards to his actions. Therefore, the City's motion with regards to the ITCA should be denied.

## IV.

## CONCLUSION

Based upon the foregoing, the Plaintiff, P.J. Curtis, respectfully requests this Honorable Court deny the Defendants' Motion For Summary Judgment in whole.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15

DATED this 14 day of June, 2011.

                                 CAPITOL LAW GROUP, PLLC

                                 _____
                                 David Heida
                                 Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14 day of June, 2011, I served a true and correct copy of the foregoing document(s) upon the following person(s), in the manner indicated:

| | |
|---|---|
| Michael J. Kane | ____ U.S. Mail, Postage Prepaid |
| Michael Kane & Associates, PLLC | ____ Overnight Courier |
| 1087 W. River Street, Suite 100 | ____ Hand Delivered |
| P. O. Box 2865 | ____ Via Facsimile |
| Boise, ID 83701-2865 | __✓__ CM/ECF Notice of Electronic Filing |

_____
David Heida

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -16